**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELLI GHULYAN, | Nos. 05-76311 & 08-73789 |
| Petitioner, | Agency No. A097-364-380 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2010[**]
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

This is the consolidation of two petitions for review. We deny both. The first

petition concerns the BIA's order denying asylum, withholding of removal, and

protection under the Convention Against Torture. The denial was based on a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determination that Ghulyan's testimony was not credible and, alternatively, that even assuming that she was credible, she had not suffered past persecution, had no well-founded fear of future persecution, could relocate safely within Armenia, and was unlikely to be tortured.

We review the adverse credibility determination to determine whether it was supported by substantial evidence. *See, e.g.*, *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). It was. Ghulyan claimed to have been a political reporter, but could not answer questions about Armenian politics and eventually admitted that the television programs she worked on involved entertainment reporting about actors, actresses, singers, and the parties they attended. The immigration judge also noted specific aspects of Ghulyan's demeanor that made her seem incredible: Ghulyan had very long pauses in her testimony; appeared to be searching her memory for answers; appeared uncomfortable and shifted in her chair when asked questions about Armenian politics; and provided evasive answers.

These findings are sufficient to support the adverse credibility determination. *See, e.g.*, *id.* at 1055–56 ("Although an IJ's determination regarding demeanor is given special deference, the IJ must still provide specific examples of a petitioner's demeanor that would support this basis for an adverse credibility determination."); *Singh v. Ashcroft*, 367 F.3d 1139, 1142–43 (9th Cir. 2004)

(denying a petition for review of an adverse credibility determination based, in part, on "how little knowledge [the petitioner] had of political activities in India"). We need not reach the BIA's alternative rationale.

Ghulyan's second petition is for review of the BIA's denial of her untimely motion to reopen proceedings, which she filed after her marriage to a United States citizen. Ghulyan argues that our stay of her voluntary departure period also stayed the deadline for her to file a motion to reopen, but she did not present that argument to the BIA. Because Ghulyan failed to exhaust the claim in the agency, we may not consider it. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004).

**PETITIONS DENIED.**